# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| LEO REMILLARD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:15-cv-1741 (SRU) |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Plaintiff Leo Remillard, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants subjected him to cruel and unusual punishment by confining him in a cell without lights, air conditioning, or water during power outages. Remillard names as defendants Commissioner Semple and Warden Maldonado. The case was dismissed on January 27, 2016, for failure to respond to a notice directing Remillard to correct deficiencies in his motion to proceed *in forma pauperis.* On March 21, 2016, the court granted Remillard's motion to reopen the case and to proceed *in forma pauperis.*

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they]

suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of

the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-

established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the

strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

(quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy*

*v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro*

*se* litigants).

I.      Allegations

       The following allegations are taken from Remillard's complaint. During the summer of

2014, Remillard was confined at Osborn Correctional Institution. There were four power outages

in June and July 2014, two of which were weather-related, and two of which were caused by the

maintenance department. The outages occurred during the day and night. Four housing units at

Osborn—Q1, Q2, Q3 and Q4—are not serviced by a back-up generator.

       At least one outage lasted for eight hours. During that time, it became hot and sticky in

the cell. During the power outages, the showers would not work because they were controlled by

electricity.

II.     Analysis

       Remillard argues that the power outages resulted in confinement under unconstitutional

2

conditions. To state an Eighth Amendment claim for unconstitutional conditions of confinement,

an inmate must allege facts demonstrating failure of prison officials to provide for the inmate's

"basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety."

*DeShaney v. Winnebago Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). An inmate may prevail

on an Eighth Amendment claim based on unconstitutional conditions of confinement "only

where he proves both an objective element—that the prison officials' transgression was

'sufficiently serious'—and a subjective element—that the official acted, or omitted to act with a

'sufficiently culpable state of mind,' meaning with a 'deliberate indifference to inmate health or

safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2001) (quoting *Farmer v. Brennan*, 511

U.S. 825, 834 (1994)). A condition is objectively serious if it "'pose[s] an unreasonable risk of

serious damage to [a prisoner's] future health.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25,

32 (1993)). Thus, the "objective component relates to the seriousness of the injury." *Davidson v.*

*Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). To meet the subjective component, a plaintiff must allege

that prison officials knew "of and disregard[ed] an excessive risk to inmate health or safety," that

is, that they were "aware of facts from which the inference could be drawn that a substantial risk

of serious harm exist[ed], and … dr[e]w that inference." *Id.* at 185–86.

The U.S. Supreme Court has held that prisoners have no right to be housed in

comfortable surroundings. Restrictions do not violate the Eighth Amendment unless they are

"totally without penological justification," "grossly disproportionate," or "involve the

unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The

Supreme Court has further explained that, "[t]o the extent that such conditions are restrictive or

even harsh, they are part of the penalty that criminal offenders pay for their offenses against

3

society." *Id.* at 347.

Although Remillard describes uncomfortable conditions, including no lights or power to operate fans during hot weather, he alleges no facts rising to the level of conditions posing an excessive risk to inmate health or safety. Indeed, he alleges only that he was hot and sticky during the power outages. The complaint fails to allege facts supporting an Eighth Amendment claim for unconstitutional conditions of confinement.

III.    Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk shall enter judgment and close the file.

In light of the dismissal of this action, Remillard's motion seeking a free copy of the complaint [**Doc. #11**] is **DENIED**.

**SO ORDERED** this 28th day of March 2016 at Bridgeport, Connecticut.


                                 /s/ Stefan R. Underhill_____
                                Stefan R. Underhill
                                United States District Judge

4